Prepared By:
Michael Jones, CA Bar No. 271574
M. Jones & Associates, PC
505 North Tustin Ave, Suite 105
Santa Ana, CA 92705
Telephone: (714) 795-2346
Facsimile: (888) 341-5213
Email:  mike@MJonesOC.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA MASTERS,<br><br>          Plaintiff,<br><br>v.<br><br>RIVERSIDE ALPHA GROUP, INC.,<br><br>          Defendant | Case No.<br><br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL<br><br>COUNT 1: Fair Debt Collection Practices Act, 15 USC 1692 et seq.<br><br>COUNT 2: Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code 1788 et seq.<br><br>COUNT 3: Violations of Telephone Consumer Protection Act |

## **INTRODUCTION**

1.      This is an action for damages brought by Joshua Masters (hereinafter "Plaintiff"), an individual consumer, for violations by Riverside Alpha Group, Inc. (hereinafter "Defendant") of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, et seq. (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, et seq, (hereinafter "TCPA").

2.      In Calif. Civil Code § 1788.1 (a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

(2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.

It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

3.     In 15 U.S.C. 1692, the United States Congress made the following findings and purpose in creating the Fair Debt Collection Practices Act:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. …

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

4.     Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.     While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION & VENUE

6.     Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), 47 U.S.C. § 227, and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.  Injunctive relief is available pursuant to the TCPA.

7.     This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, CAL CIV CODE § 1788 et. seq., ("RFDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), in their illegal efforts to collect a consumer debt.

8.     Venue is proper in this District because the Defendant may be found in this District, and some of the acts and transactions occurred in this District.

## **PARTIES & DEFINITIONS**

9.      Plaintiff, Joshua Masters, is a natural person residing in Orange County in the state of California.

10.     Plaintiff, as a natural person allegedly obligated to pay a consumer debt to Defendant, alleged to have been due and owing, is therefore both a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA, and is also therefore a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

11.     At all relevant times herein, Defendant, Riverside Alpha Group, Inc., was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f).

12.     Defendant is a debt collection company that continuously and systematically engages in its business of collecting debts in the state of California, and using telephone numbers within California. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

13.    Defendant maintains a registered agent, Luis Vasquez, and may be served through their registered agent at 1820 E. Garry Ave, Ste 108, Santa Ana, CA 92705.

14.    Upon information and belief, Defendant was attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2(e) of the Rosenthal Act, as well as a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

15.    Because Plaintiff is a natural person allegedly obligated to pay money to Defendants arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

16.    Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves or others, and is therefore a "debt collector" within the meaning of Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the

Rosenthal Act, and is also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

17.   Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227.

# **FACTUAL ALLEGATIONS**

18.   At various and multiple times prior to the filing of this complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

19.   On or about May, 2015, Defendant called Plaintiff on Plaintiff's cell phone regarding the alleged debt owed.  During the call, an employee or agent of Defendant named Michael Carmello demanded payment on the alleged debt, provided a reference file number of 2482712, demanded that Plaintiff call them back immediately that same day, and advised that they were collecting on a $6,000.00 debt from Kay Jewelers from 2008.

20.   In response to the May 2015 call, Plaintiff advised Defendant that he disputed the alleged debt owed, that he revoked any consent to contact by Defendant, that he was to never be called again by Defendant or anyone affiliated with Defendant any way ever again.

21.     On or about August 18, 2015, Defendant called again called Plaintiff on Plaintiff's cell phone and left a recorded message regarding the alleged debt owed.  In the recorded message, an employee or agent of Defendant named Robert demanded payment on the alleged debt, provided a reference file number of 2482712, demanded that Plaintiff call them back immediately that same day, advising that they were suing Plaintiff on a $6,000.00 debt from Kay Jewelers from 2008, that there was a scheduled court date on the matter, and indicating that if Plaintiff did not call them back the same day they would continue with the court case against him.

22.     In response to the August 18, 2015 call, Plaintiff called Defendant and again advised Defendant that he disputed the alleged debt owed, that he revoked any consent to contact by Defendant, and that he was to never be called again by Defendant or anyone affiliated with Defendant any way.  During this call, Plaintiff also advised that he was represented by an attorney, Ms. Antoinette Balta of the Veterans Legal Institute, provided Defendant with Ms. Balta's contact details to include her phone number, and indicated that all future communication should be directed to his attorney.

23.    Defendant responded to Plaintiff's request that all contact be through his attorney by stating that he would continue his demands directly to Plaintiff, he would not communicate with Plaintiff's attorney, and further added that "America is a free country, and I'll talk with whoever I want". Defendant ended the call by advising Plaintiff that Defendant was suing him, there was a scheduled court date, and they would continue pursuing the case unless it was settled promptly.

24.    On or about August 18, 2015, Plaintiff's attorney, Ms. Antoinette Balta of the Veterans Legal Institute, called Defendant regarding the alleged debt owed.  Ms. Balta advised that she was representing the Plaintiff, and that all communication needed to be through her.  In response to Ms. Balta's request that all communication from Defendant be restricted to her, Defendant stated that they would continue their direct contact with the Plaintiff, and again added that "America is a free country, and [they'll] speak to whoever [they] want."

25.    During the call on August 18, 2015, between Ms. Balta and Defendant, Plaintiff's attorney requested meaningful information concerning the identity of the Defendant, specifically, their address. Defendant refused to provide meaningful information concerning their

identity, and would only provide a mailing address for payment to be made on the alleged debt.

26.    On 14 October 2015, at 10:34 A.M., Defendant called again called Plaintiff on Plaintiff's cell phone and left a recorded message regarding the alleged debt owed.

27.    During no phone contact between Defendant and Plaintiff, or Defendant and Plaintiff's attorney, was the disclosure provided by Defendant that the communication was an attempt to collect a debt, and any information gained would be used for that purpose.

28.    No written communication has ever been received by Plaintiff or Plaintiff's attorney concerning the alleged debt from Defendant.

29.    On information and belief, no written communication has ever been sent by the Defendant to Plaintiff or Plaintiff's attorney.

30.    The alleged debt is far past the statute of limitations for suit on an account, and Defendant cannot lawfully bring a civil lawsuit to collect on the alleged debt.

31.    No lawsuit has ever been filed by Defendant against Plaintiff on the alleged debt, and Defendant's statements that a suit had been filed, that there was a pending court case, and that there was a scheduled court

date related to the alleged debt was utterly and completely false and untrue.

32.   Defendant called Plaintiff concerning the alleged debt with such frequency and regularity that it constitutes harassment under the circumstances.

33.   On information and belief, Defendant used an "automatic telephone dialing system", as defined by 47 US.C. § 227(a)(1), to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

34.   Defendant's calls constituted calls that were not for emergency purposes as defined by 47 US.C § 227(b)(1)(A).

35.   Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

36.   All or some of the voice messages made by Defendant to Plaintiff utilized a recording or "artificial or prerecorded voice" as defined by 47 U.S.C. § 227(b)(1)(A).

37.   At the time of Defendant's offending call(s) on August 18, 2015, Plaintiff had directly revoked any and all consent to be contacted by

Defendant, including, but not limited to, calls using an automated

telephone dialing system.

38.    Defendant's conduct violated the FDCPA and the RFDCPA in

multiple ways, including but not limited to:

a. FDCPA § 1692c(a)(2)- Without the prior consent of the

consumer given directly to the debt collector or the express

permission of a court of competent jurisdiction, a debt collector

may not communicate with a consumer in connection with the

collection of any debt if the debt collector knows the consumer

is represented by an attorney with respect to such debt and

has knowledge of, or can readily ascertain, such attorney's

name and address, unless the attorney fails to respond within a

reasonable period of time to a communication from the debt

collector or unless the attorney consents to direct

communication with the consumer;

b. FDCPA § 1692c(c)- If a consumer notifies a debt collector in

writing that the consumer refuses to pay a debt or that the

consumer wishes the debt collector to cease further

communication with the consumer, the debt collector shall not

communicate further with the consumer with respect to such debt;

c. FDCPA § 1692d(6)- A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

d. FDCPA § 1692e(2)(A)- A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The false representation of the character, amount, or legal status of any debt; or

e. FDCPA § 1692e(5)- A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a

violation of this section: The threat to take any action that cannot legally be taken or that is not intended to be taken.

f.  FDCPA § 1692e(10)- A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: the use of a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

g.  FDCPA § 1692e(11)- A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: the failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt

collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

h. FDCPA § 1692g(a)(l)- Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing the amount of the debt;

i. FDCPA § l692g(a)(2)- Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing the name of the creditor to whom the debt is owed;

j. FDCPA § l692g(a)(3)- Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a

written notice containing a statement that unless the consumer,

within thirty days after receipt of the notice, disputes the validity

of the debt, or any portion thereof, the debt will be assumed to

be valid by the debt collector;

k. FDCPA § 1692g(a)(4)- Within five days after the initial

communication with a consumer in connection with the

collection of any debt, a debt collector shall, unless the

following information is contained in the initial communication

or the consumer has paid the debt, send the consumer a

written notice containing a statement that if the consumer

notifies the debt collector in writing within the thirty-day period

that the debt, or any portion thereof, is disputed, the debt

collector will obtain verification of the debt or a copy of a

judgment against the consumer and a copy of such verification

or judgment will be mailed to the consumer by the debt

collector; and

l. FDCPA § 1692g(a)(5)- Within five days after the initial

communication with a consumer in connection with the

collection of any debt, a debt collector shall, unless the

following information is contained in the initial communication

or the consumer has paid the debt, send the consumer a written notice containing a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

m. FDCPA § 1692g(b)- If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that (he consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

n. Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e)).

39.    Defendant's conduct violated the TCPA by using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

40.    As a result of the above violations of the FDCPA, RFDCPA, and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiffs feelings, personal humiliation, embarrassment, mental anguish and emotional distress. Plaintiff attempted to seek counseling and therapy for the emotional distress and mental anguish described above but was not able to.

41.    Defendant is liable to Plaintiff for Plaintiffs actual damages, statutory damages, and costs and attorney's fees.

# CAUSES OF ACTION

## COUNT I:
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

42.    Plaintiff reincorporates by reference all of the preceding paragraphs.

43.    The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

44.    To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

45.    As a result of Defendant violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT II:
## VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

46.    Plaintiff reincorporates by reference all of the preceding paragraphs.

47.    To the extent that the Defendant's actions, counted above, violated the FDCPA, they are necessarily violations of the California Rosenthal Act via Calif. Civ. Code 1788.17.

48.     Defendant's conduct as described herein violated the RFDCPA § 1788.17 which mandates that every debt collection collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692d to 1692j, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692d and § 1692d(5).

49.     As a result of the Defendant's illegal conduct, Plaintiff has suffered emotional distress and mental anguish.

50.     Defendant is liable to Plaintiff for actual damages, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under the RFDCPA.

**COUNT III:**

**VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT**

51.     Plaintiff incorporates by reference all of the preceding paragraphs.

52.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

53.   As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq.. Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C § 227(b)(3)(B).

54.   The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. §227 et seq.

55.   As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq.. Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C § 227(b)(3)(C).

56.   Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

57.   Because of the Defendant's violations of the TCPA, Plaintiff is entitled to an award against Defendant as follows:

a. As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff is entitled to recover from Defendant $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C, 227(b)(3)(B);

b. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1). Plaintiff is entitled to recover from Defendant treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant as follows:

**COUNT 1:**

**Fair Debt Collection Practices Act**

a) for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

b) for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

c) for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

d) and such further relief as the Court deems just and proper.

## COUNT 2:

## Rosenthal Fair Debt Collection Practices Act

a) For an award in favor of Plaintiff and against Defendant pursuant to the RFDCPA for Plaintiff's actual damages in an amount according to proof;

b) For an award of statutory damages for willful and negligent violations of the RFDCPA in an amount not less than $1,000.00;

c) For an award of Plaintiff's costs incurred in this litigation pursuant to the RFDCPA;

d) For an award of Plaintiff's reasonable attorney's fees pursuant to the RFDCPA;

e) And such further relief as the Court deems just and proper.

## COUNT 3:

## Telephone Consumer Protection Act

a) For an award of Plaintiff's actual damages in an amount according to proof;

b) For an award of statutory damages of $500.00 for each and every negligent violation of the TCPA provisions of 47 U.S.C. §227(b)(1);

c) For an award of statutory damages of $1,500.00 for each and every willful or intentional violation of the TCPA provisions of 47 U.S.C. §227(b)(1);

d) and such further relief as the Court deems just and proper.

Dated this 16 November 2015.

**M Jones and Associates, PC**
Attorneys for Plaintiff

Michael Jones

1

## **JURY DEMAND**

2

3   Pursuant to the Seventh Amendment to the Constitution of the United

4   States of America, and Fed.R.Civ.P. 38, Plaintiff is entitled to, and

5   demands, a trial by jury.

6

7

8   Dated this 16 November 2015.

9

10

11                                          **M Jones and Associates, PC**
                                            Attorneys for Plaintiff

12

13                                          _Michael Jones_

14                                          _____

15                                          Michael Jones

16

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA     )
                                   )
COUNTY OF ORANGE        )

Pursuant to 28 U.S.C. § 1746, Plaintiff Joshua Masters, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys, copies of which may be attached to this Complaint, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any

exhibit that may be attached hereto, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     NOVEMBER     15,     2015

                        Month              Day          Year

Signature

JOSHUA S. MASTERS